UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Magistrate Docket No. |
| Plaintiff, | **'08 MJ 1774** |
| v. | COMPLAINT FOR VIOLATION OF: |
| **Omar OLGUIN-Perez,** | Title 8, U.S.C., Section 1326<br>Deported Alien Found in the<br>United States |
| Defendant | |

The undersigned complainant, being duly sworn, states:

On or about **June 4, 2008** within the Southern District of California, defendant, **Omar OLGUIN-Perez,** an alien, who previously had been excluded, deported and removed from the United States to Mexico, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **6th** DAY OF **JUNE, 2008**

_____
Leo S. Papas
UNITED STATES MAGISTRATE JUDGE

**CONTINUATION OF COMPLAINT:**
Omar OLGUIN-Perez

## PROBABLE CAUSE STATEMENT

On June 4, 2008, at approximately 3:30 PM, Border Patrol Agent B. Hurlbut responded to a sensor activation in Tecate, California. This area is approximately 1/8 miles west of the Tecate, California Port of Entry and approximately 1/8 miles north of the International Border between the United States and Mexico.

Upon arriving in the area, Agent Hurlbut observed five individuals running away. Agent Hurlbut identified himself as a Border Patrol Agent and conducted an immigration inspection. All five individuals, including one later identified as the defendant **Omar OLGUIN-Perez** admitted to being citizens and nationals of Mexico without any immigration documents allowing them to enter into or remain within the United States legally. All five individuals, including the defendant, and arranged for their transportation to the Brown Field Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico on January 12, 2006** through **San Ysidro, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda Rights and he was willing to make a statement without an attorney present. The defendant stated he is a citizen and national of Mexico without any valid U.S. Immigration documents allowing him to enter into or remain within the United States legally. The defendant stated he was going to Huntington Park, California.